UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKIE WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-792 ACL |
| ANDREW M. SAUL, Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Vickie Wright's motion for leave to proceed *in forma pauperis* in this action seeking judicial review of an adverse ruling by the Social Security Administration. ECF No. 2. Upon review of the financial affidavit, the Court has determined that plaintiff is unable to pay the filing fee and will grant the motion. S*ee* 18 U.S.C. § 1915. Additionally, for the reasons discussed below, the Court will order plaintiff to supplement the complaint by submitting a copy of the Appeals Council's letter denying her request for review.

42 U.S.C. § 405(g) is the exclusive jurisdictional basis for judicial review in cases arising under the Social Security Act. In order to obtain review under 42 U.S.C. § 405(g), a Social Security claimant must: 1) receive a final decision of the Commissioner made after a hearing, 2) bring a civil action within 60 days after the mailing of the notice of such final decision, and 3) file the action in the district court for the district in which she resides or has her principal place of business. 42 U.S.C. § 405(g); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). The second and third of these requirements specify a statute of limitations and appropriate venue, respectively. The first requirement is central to the grant of subject matter jurisdiction, empowering district courts to

review only those decisions by the Commissioner that are "final" and "made after a hearing." *Weinberger*, 422 U.S. at 764. The Commissioner will have made a "final decision" only after the plaintiff completes certain steps of the administrative process, which includes a hearing before an ALJ and a request for Appeals Council review of the ALJ's decision. 20 C.F.R. § 416.1400(a).

In the instant complaint for judicial review, filed June 30, 2021, plaintiff claims the Social Security Administration disallowed her application for Disability Insurance benefits and/or Supplemental Security Income benefits. Plaintiff asserts a hearing was held on October 5, 2020 and the Administrative Law Judge ("ALJ") denied her claim on May 3, 2021. Plaintiff further asserts she requested review by the Appeals Council, and after its consideration, the Appeals Council denied her request for review on May 19, 2021, making the ALJ's decision the "final decision" of the Commissioner, subject to judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff, however, did not attach a copy of the Appeals Council's letter to her complaint. The Court-provided form complaint for judicial review of a decision by the Commissioner explicitly instructs that the plaintiff must attach a copy of the letter to the complaint. *See* ECF No. 1 at 2. Because plaintiff has not submitted the required document, the Court is unable to confirm whether and when a final decision was issued by the Commissioner. The Court will, therefore, order plaintiff to supplement her complaint by submitting a copy of the Appeals Council's letter denying her request for review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that, **within thirty (30) days of the date of this Order**, plaintiff shall submit a copy of the Appeals Council's letter denying request for review.

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

                                        /s/ Abbie Crites-Leoni
                                        ABBIE CRITES-LEONI
                                        UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of July, 2021.