# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| VICKIE WRIGHT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1]<br>Commissioner of Social Security<br>Administration,<br><br>　　　　Defendant. | No. 4:21-CV-792 ACL |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On June 30, 2021, self-represented plaintiff Vickie Wright filed a form complaint for judicial review of an adverse ruling by the Commissioner of the Social Security Administration, ECF No. 1, and an application to proceed in district court without prepaying fees or costs, ECF No. 2. On July 2, 2021, the Court issued an order granting plaintiff's motion to proceed *in forma pauperis*, and directing plaintiff to supplement her complaint with a copy of the Appeals Council's letter denying her request for review.

Plaintiff had until August 2, 2021 to comply. As of the date of this Memorandum and Order, plaintiff has not filed a copy of the Appeals Council's letter. Instead, on July 14, 2021, plaintiff submitted a Memorandum for Clerk stating that she "faxed a letter to the Social Security Council of appeal on May 19, 2021" and "priority mailed the letter of [her] appeal on the Judge of

---

[1] At the time this case was filed, Andrew M. Saul was the Acting Commissioner of Social Security. Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the Court may order substitution at any time. *Id.* The Court will order the Clerk of Court to substitute Kilolo Kijakazi for Andrew M. Saul in this matter.

Hearing[.]" ECF No. 7. Plaintiff further states she contacted "the Representatives a number of times, but they said they did not receive [her] appeal letter," but after calling again "the Representative said they did receive it or an appeal was received / and or [sic] appealed in the U.S. District Court." *Id.* Plaintiff asks the Court to "allow [her] more time." *Id.* It is unclear whether plaintiff is requesting additional time to re-file her appeal with the Social Security Administration, or additional time to file a copy of the Appeals Council's denial letter with this Court. In the event plaintiff is seeking additional time to re-file her appeal with the Appeals Council, she must submit such a request to the Social Security Administration, not this Court.

The Social Security Act provides for district court review of the final decision of the Commissioner. Title 42 U.S.C. § 405(g) provides, in pertinent part that:

> Any individual, after any *final* decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.

42 U.S.C. § 405(g) (emphasis added). A Social Security claimant must exhaust administrative remedies before seeking review in federal court. *Sims v. Apfel*, 530 U.S. 103, 107 (2000); *see also* 20 C.F.R. §§ 404.900(a)(5), (b), 416.1400(a)(5), (b). Obtaining a final decision from the Commissioner is central to the grant of subject matter jurisdiction because district courts may only review decisions after the plaintiff completes certain steps of the administrative process. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975); 20 C.F.R. § 416.1400(a). "[A] 'final decision' by the [Social Security Administration] is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." *Gibson v. Soc. Sec. Admin.*, No. 4:13-CV-1417-HEA, 2013 WL 3869833, at *1 (E.D. Mo. July 25, 2013) (quoting *Pollard v. Halter*, 377 F.3d 183 (2nd Cir. 2004)).

Furthermore, a claimant has sixty days from the date she receives notice of the Appeals Council's decision to file an action in federal court, or the action may be deemed time-barred. Thus, a district court does not have jurisdiction to review the Commissioner's final decision unless the plaintiff has timely exhausted her administrative remedies.

For the reasons discussed herein and in the Court's July 2, 2021 Memorandum and Order, a copy of the Appeals Council's decision is essential for this Court's determination of whether it has jurisdiction over this action and whether plaintiff may proceed with her case. "Subject-matter jurisdiction cannot be waived; and the burden is on [plaintiff], as the party invoking federal court jurisdiction, to establish subject-matter jurisdiction." *Jackson o/b/o J.J. v. Berryhill*, No. 4:17-CV-2588-CDP, 2017 WL 5499225, at *2 (E.D. Mo. Nov. 16, 2017).

Because plaintiff has not submitted the required document, the Court is unable to confirm whether and when a final decision was issued by the Commissioner. The Court will, therefore, provide plaintiff with a second opportunity to supplement her complaint by submitting a copy of the Appeals Council's letter denying her request for review.

Accordingly,

**IT IS HEREBY ORDERED** that, **within twenty-one (21) days of the date of this Memorandum and Order**, plaintiff shall submit a copy of the Appeals Council's letter denying her request for review.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Kilolo Kijakazi for Andrew M. Saul in the court record of this case.

3

**IT IS FURTHER ORDERED** that plaintiff's failure to comply with this Court's Order may result in a dismissal of this action, without prejudice.

Dated this 9th day of August, 2021.

_____
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

4