UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VICKIE WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-792 ACL ) |
| KILOLO KIJAKAZI, Commissioner of Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's response to the August 9, 2021 Memorandum and Order. ECF No. 9. For the reasons stated below, the Court will provide plaintiff with a third and final opportunity to supplement her complaint with the proper documentation from the Appeals Council of the Social Security Administration.

On June 30, 2021, self-represented plaintiff Vickie Wright filed a form complaint for judicial review of an adverse ruling by the Commissioner of the Social Security Administration, ECF No. 1, and an application to proceed in district court without prepaying fees or costs, ECF No. 2. On July 2, 2021, the Court issued an order granting plaintiff's motion to proceed *in forma pauperis*, and directed plaintiff to supplement her complaint with a copy of the Appeals Council's letter denying her request for review. ECF No. 5. The Court cited to the portion of the form complaint, which explicitly instructs that plaintiff must submit a copy of the letter. *See* ECF No. 1 at 2.

On July 14, 2021, plaintiff submitted a one-page handwritten Memorandum for Clerk. ECF No. 7. Her filing did not include a copy of the Appeals Council's letter. The content of her

Memorandum was difficult to decipher, but it appeared she was having trouble obtaining the Appeals Council's letter from the Social Security Administration and required additional time. The Court provided her with an additional twenty-one days to comply, and explained that a copy of the Appeals Council's decision is essential for this Court's determination of whether it has jurisdiction over this action and whether plaintiff may proceed with her case.

On August 27, 2021, plaintiff submitted a second Memorandum for Clerk with a copy of the Administrative Law Judge's "Notice of Decision – Unfavorable." ECF No. 9.  The Notice is dated May 3, 2021. Plaintiff also submitted a copy of a handwritten letter, dated May 17, 2021, which she purports to have sent to the Appeals Council requesting review of the Administrative Law Judge's decision. <u>Plaintiff did not, however, submit a copy of the Appeals Council's letter denying her May 17, 2021 request for review</u>. As discussed in this Court's Memorandum and Orders of July 2, 2021 and August 9, 2021, **the Court must receive a copy of the Appeals Council's letter.** Obtaining a final decision from the Commissioner is central to the grant of subject matter jurisdiction because district courts may only review decisions after the plaintiff completes certain steps of the administrative process. *See Weinberger v. Salfi*, 422 U.S. 749, 764 (1975); 20 C.F.R. § 416.1400(a).

Plaintiff has submitted documentation evidencing that she requested review of the Administrative Law Judge's unfavorable decision finding her not disabled. <u>Plaintiff has not, however, submitted a copy of the Appeals Council's decision regarding her request for review</u>. **This Court requires a final decision of the Agency, which would allow for judicial review.** Though the Court is sympathetic to the difficulties a self-represented plaintiff may face when navigating the rigid regulations governing Social Security cases and the length of time it often

2

takes to move through the required process, both plaintiff and the Court must act within the relevant legal framework and this case cannot proceed in the absence of jurisdiction.

**Because plaintiff has not submitted the required document, the Court is unable to confirm whether and when a final decision was issued by the Commissioner.** The Court will, therefore, provide plaintiff with a third and final opportunity to supplement her complaint by submitting a copy of the Appeals Council's letter denying her request for review. Such a letter is typically titled, "Notice of Appeals Council Action."

Accordingly,

**IT IS HEREBY ORDERED** that, **within twenty-one (21) days of the date of this Memorandum and Order**, plaintiff shall submit a copy of the Appeals Council's letter denying her request for review.

**IT IS FURTHER ORDERED** that this is plaintiff's third and final opportunity, and failure to comply with this Court's Order shall result in a dismissal of this action, without prejudice.

Dated this 2nd day of September, 2021.

s/*Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

3