## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| VICKIE WRIGHT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-792 ACL |
| KILOLO KIJAKAZI,<br>Commissioner of Social Security<br>Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's response to the September 2, 2021 Memorandum and Order. ECF No. 11. For the following reasons, the Court will direct the Clerk of Court to electronically serve plaintiff's complaint upon the Commissioner of the Social Security Administration.

On June 30, 2021, self-represented plaintiff Vickie Wright filed a form complaint for judicial review of an adverse ruling by the Commissioner of the Social Security Administration, ECF No. 1, and an application to proceed in district court without prepaying fees or costs, ECF No. 2. On July 2, 2021, the Court issued an order granting the motion to proceed *in forma pauperis*, and directed plaintiff to supplement her complaint with a copy of the Appeals Council's letter denying her request for review. ECF No. 5. The Court cited to the portion of the form complaint, which explicitly instructs that plaintiff must submit a copy of the letter. *See* ECF No. 1 at 2.

On July 14, 2021, plaintiff submitted a one-page handwritten Memorandum for Clerk. ECF No. 7. Her filing did not include a copy of the Appeals Council's letter. The content of her Memorandum was difficult to decipher, but it appeared she was having trouble obtaining the

Appeals Council's letter from the Social Security Administration and required additional time. The Court granted her request for an extension of time and explained that a copy of the Appeals Council's decision is essential for this Court's determination of whether it has jurisdiction over this action.

On August 27, 2021, plaintiff submitted a second Memorandum for Clerk with a copy of the Administrative Law Judge's "Notice of Decision – Unfavorable," dated May 3, 2021. ECF No. 9.  Plaintiff also submitted a copy of a handwritten letter, dated May 17, 2021, which she purported to have sent to the Appeals Council requesting review of the Administrative Law Judge's decision. Plaintiff did not, however, submit a copy of the Appeals Council's letter denying her May 17, 2021 request for review. On September 2, 2021, the Court again instructed plaintiff that she must submit a copy of the Appeals Council's letter because district courts may only review decisions after the plaintiff completes certain steps of the administrative process. ECF No. 10. Plaintiff was given until September 23, 2021 to comply.

On September 20, 2021, plaintiff submitted a third Memorandum for Clerk. ECF No. 11. Within this document, plaintiff explains she has "called numerous times to the Social Security's Office to get information about the status of [her] Social Security Disability Claim" and has been provided with "misinformation/confusion/different information." Plaintiff asserts she "did appeal the Administration (Social Security Administration) Judge Barber Decision with the Appeal[s] Council," but the Social Security Office has repeatedly told her there "was no need to have the appeal review [because] it just goes right to the U.S. District Court's decision because they agree with the Administration's . . . Law Judge."

Plaintiff appears to be asserting that, despite her best efforts, the Social Security Administration will not issue or provide her with a formal letter from the Appeals Council denying

2

her May 17, 2021 request for review of the Administrative Law Judge's determination. Consequently, and for good cause shown, the Court will decline to dismiss this action at this stage of the litigation for lack of subject matter jurisdiction. The Court cannot find that she has failed to exhaust her administrative remedies if the Social Security Administration has advised plaintiff that it will not issue a formal denial letter despite her written request for review.

Because plaintiff is proceeding *in forma pauperis*, the Court will direct the Clerk to electronically serve the complaint upon the Social Security Administration's General Counsel and the U.S. Attorney's Office. In the event the Commissioner finds that this case should be dismissed for lack of jurisdiction, or otherwise, he may present any such argument to the Court within the deadlines provided in the Case Management Order, which will be entered separately.

Plaintiff has also filed a motion for appointment of counsel. ECF No. 3. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. This case appears to involve a straightforward Social Security Administration Disability Appeal, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny her motion without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court is directed to electronically serve the complaint upon the Social Security Administration's General Counsel and the U.S. Attorney's Office.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail to plaintiff a Social Security Identification form, which must be returned to this Court **no later than twenty-one days from the date of this Memorandum and Order**. Plaintiff may also access a copy of this form at: https://www.moed.uscourts.gov/forms.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED** at this time.

A Case Management Order will be entered separately.

Dated this 5th day of October, 2021.

*Abbie Crites-Leoni*

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE